IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02069-WYD-BNB

DRUSSEL WILFLEY DESIGN, LLC, a Colorado corporation,

Plaintiff,

v.

ALBERT J. YOUNGWERTH, an individual, and
REKLUSE MOTOR SPORTS, INC., a Utah corporation,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Defendants' Motion to Stay Litigation Pending Outcome of Concurrent USPTO Reexamination Proceedings** [Doc. # 72, filed 8/5/2008] (the "Motion to Stay"). The Motion to Stay is DENIED.

The parties agree that the following four factors should be applied in deciding the Motion to Stay:

(1) Whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party;

(2) Whether a stay will simplify the issues in question and trial of the case;

(3) Whether discovery is complete and whether a trial date has been set; and

(4) Whether a stay will reduce the burden of litigation on the parties and on the court.

See Soverain Software LLC v. Amazon.com, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); Broadcast Innovation, LLC v. Charter Communications, Inc., 2006 WL 1897165 (D. Colo. July 11, 2006). The decision to stay a litigation to allow a reexamination proceeding to conclude lies

within the discretion of the trial court. Patlex Corp. v. Mossinghoff, 758 F.2d 594, 602-03 (Fed. Cir. 1985).

Applying the four factor test, I find that a stay is not appropriate here. The plaintiff initiated this case in this forum on October 3, 2007. The defendant did not initiate the reexamination proceeding until July 2008. The selection of an alternative forum more than nine months after the litigation was commenced appears to reflect a tactical preference by the defendant. Ordinarily a plaintiff is entitled to the forum of its selection, see Scheidt v. Klein, 956 F.2d. 963, 965 (10th Cir. 1992), and I see no reason to alter that rule here.

In addition, the litigation was at an advanced stage at the time the Motion to Stay was filed, with a discovery cut-off less than two months away; a pretrial conference set to occur in February 2009; and a trial date to be set after the final pretrial order is entered. I find that staying the litigation pending a reexamination will unreasonably delay the outcome of these proceedings to the detriment of the plaintiff.

Finally, it does not appear that reexamination will resolve all of the issues in the case. Consequently, some portion of the case will have to be tried in any event. Although resolving a case on the merits always requires the efforts of the parties and the court, there is no special burden on either in allowing this case to proceed. Nor is it certain that reexamination will substantially simplify the issues in the case.

IT IS ORDERED that the Motion to Stay is DENIED.

Dated September 15, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge