IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02069-WYD-BNB

DRUSSEL WILFLEY DESIGN, LLC, a Colorado corporation,

    Plaintiff,

v.

ALBERT J. YOUNGWERTH, an individual;
RECLUSE MOTOR SPORTS, INC., a Utah corporation; and
EAGLE MOTOR WORKS, INC., a Colorado corporation,

    Defendants.

## ORDER SUSTAINING DEFENDANTS OBJECTIONS

THIS MATTER is before the Court in connection with Defendants' Motion to Stay, filed August 5, 2008. This motion was referred to Magistrate Judge Boyd N. Boland, who issued an Order on September 15, 2008 which is incorporated herein by reference. *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72. He recommends therein that Defendants' motion be denied.

More specifically, Magistrate Judge Boland found that Defendants' Motion to Stay should be denied because the Defendants did not initiate the reexamination proceeding until July 2008. In addition, Magistrate Judge Boland found that the litigation was at an advanced stage at the time of the Motion to Stay and that a stay would cause unreasonable delay at the detriment of Plaintiff. Finally, Magistrate Judge Boland found that the reexamination will not resolve all of the issues in this case, and therefore some portion of the case will have to be tried in any event.

Since Defendants filed timely Objections on September 29, 2008, I must review Magistrate Judge Boland's Order to determine whether it is "clearly erroneous or contrary to law" since the nature of the matter is nondispositive. FED. R. CIV. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." Cook v. Rockwell Int'l Corp., 147 F.R.D. 237, 242 (D. Colo. 1993).

Turning to Defendants' objections, Defendants assert that granting the stay is likely to simplify this case and preserve judicial resources. Defendants argue that failure to grant the stay may lead to inconsistent results. Defendants also assert that the Magistrate Judge erroneously characterized the Defendants' motion as improper forum shopping and that the utilization of the USPTO is encouraged by law. Defendants further assert that the Magistrate Judge erred when he held that Defendants' request for a stay was not made on a timely basis.

I find that Magistrate Judge Boland's Order should be set aside. Courts consider several factors when deciding a motion to stay: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Broadcast Innovation, LLC. v. Charter Communications, Inc.*, 2006 U.S. Dist. LEXIS 46623, *10 (D. Colo. July 11, 2006). "No one factor is controlling - the totality of the circumstances governs." *Id.* As to the first factor, I find that the technical expertise

provided by the reexamination proceeding would be invaluable to this Court should this case move forward. In fact, a determination by the USPTO could render the outstanding motions for summary judgment moot.

As to the second factor, although Magistrate Judge Boland noted that the litigation was at an advanced stage when the Motion to Stay was filed, I find that much remains to be done in this case before it is ready for trial. Discovery is not yet completed and there are two voluminous motions for summary judgment pending. I also find that it was clearly erroneous for Magistrate Judge Boland to characterize Defendants' motion to have the case stayed during the USPTO reexamination process as improper forum shopping. See Order at 2. The USPTO is an executive branch administrative agency and there is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." *Broadcast Innovation, LLC.,* 2006 U.S. Dist. LEXIS 46623, *10.

Magistrate Boland also found that staying the ligation would cause unreasonable delay to the detriment of the Plaintiff. While I acknowledge this factor may weigh in Plaintiff's favor, I find that the other three factors weigh in heavily in favor of the Defendants and that it was a clear error to deny their motion to stay. As such, it is

ORDERED that the Order of United States Magistrate Judge dated September 15, 2008, is **SET ASIDE**. In accordance therewith, it is

ORDERED that Defendants Motion to Stay Litigation Pending Outcome of Concurrent USPTO Reexamination Proceedings, filed August 5, 2008 (docket #72) is **GRANTED**. It is

FURTHER ORDERED that this action is **STAYED** pending the outcome of the USPTO Reexamination Proceedings. It is

FURTHER ORDERED that the parties shall file a status report within 30 days of the USPTO reaching a decision.

Dated: January 30, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge